# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JERONE YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 13-0586-KD-B |
| | ) |
| CITY OF MOBILE, et al, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This action is before the Court on the motion to strike claim for punitive damages filed by the City of Mobile, Alabama (doc. 46) and the motion to voluntarily strike punitive damages filed in response by plaintiff Jerone Young (doc. 61).  Defendant City of Mobile moves to strike Young's punitive damages claims against the City.  In response, Young filed a motion to voluntarily strike his punitive damages claims stating that he had considered the City's position and found it well taken.

Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike.  The Rule provides as follows:

> (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1) on its own; or
>
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f).

The City has filed an answer to the complaint (doc. 22).  Therefore, Rule 12(f)(2) does not apply since the motion to strike was not made before responding to the complaint.  Rule 12(f)(1) provides that the Court may act on its own to strike "an insufficient defense or any,

redundant, immaterial, impertinent, or scandalous matter." *Id*.   However, Young's claim for punitive damages is not "an insufficient defense" nor is it "redundant, immaterial, impertinent or scandalous." *Id.*   Had the City not filed an answer, the Court could construe the motion as one pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  But under Rule 12(b)(6), "[a] motion asserting" this defense "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b)(6).

The Court next looks to Rule 12(c) which provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. p. 12(c).   The Rule 16(b) Scheduling Order set April 11, 2014 as the deadline for plaintiff to move for leave to amend the pleadings and April 25, 2014 as the deadline for defendants to move for leave to amend the pleadings.  (Doc. 33)  These deadlines have now passed. Therefore, the Court will address the motion to strike as a motion for judgment on the pleadings as to Young's claim for punitive damages.

In that regard, "[j]udgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Interline Brands, Inc. v. Chartis Specialty Ins. Co.,* --- F.3d ----, 2014 WL 1424432, *2 (11th Cir. April 15, 2014) (citing *Cunningham v. Dist. Attorney's Office for Escambia Cnty.,* 592 F.3d 1237, 1255 (11th Cir.2010) (internal quotations marks omitted).  Where the motion is based on allegations of failure to state a claim upon which relief can be granted, it is evaluated the same as a Rule 12(b)(6) motion to dismiss. *See Sampson v. Washington Mut. Bank,* 453 F. Appx. 863, 865 n. 2 (11th Cir.2011); *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.,* 305 F.3d 1293, 1295 n. 8 (11th Cir.2002).  In that regard, the allegations in the complaint must be accepted as true and the facts and all inferences must be construed in the light most favorable to the nonmoving party. *See Scottsdale Ins. Co. v. Pursley,* 450 F. Appx. 888, 890 (11th Cir. 2012).  The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To do so, the plaintiff must plead sufficient facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Plausibility" in this context, must be more than a "sheer possibility that a defendant has acted unlawfully," and if the complaint alleges facts that are "merely consistent with" liability, then the pleading "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (citing *Twombly,* 550 U.S. at 557). Overall, the plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of [the] cause of action". *Twombly,* 550 U.S. at 555.

Defendants argue that punitive damages cannot be awarded against a municipality under 42 U.S.C. § 1983, 42 U.S.C. § 1981 or Title VII of the Civil Rights Act of 1964, as amended. Young concedes that the causes of action he has alleged against the City will not support a claim for punitive damages.

Young brings his claims against all defendants pursuant to Title VII, 42 U.S.C. § 1981 and 42 U.S.C. § 1983. As to the § 1983 claim, the Supreme Court has held that punitive damages are not available against municipalities. *Newport v. Fact Concerts,* 453 U.S. 247, 271, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981) ("a municipality is immune from punitive damages under 42 U.S.C. § 1983"). As to his claim pursuant to 42 U.S.C. § 1981 and Title VII, 42 U.S.C. § 1981a(b)(1) precludes an award of punitive damages against a "government, government agency or political subdivision."

Therefore, Young has failed to state a claim for relief that is plausible on its face. Accordingly, the City's motion is GRANTED and judgment as a matter of law is entered as to Young's claims for punitive damages against the City of Mobile.

DONE and ORDERED this 17th day of June 2014.

                                                                    s/ Kristi K. DuBose
                                                                    KRISTI K. DuBOSE
                                                                    UNITED STATES DISTRICT JUDGE