IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JERONE YOUNG, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 13-00586-KD-B |
| | ) |
| CITY OF MOBILE, *et al.*, | ) |
|     Defendants. | ) |

**ORDER**

This matter is before the Court on Defendant City of Mobile's Motion for Summary Judgment (Docs. 63-65), Plaintiff Jerone Young's Response (Doc. 68), and Defendant's Reply (Doc. 73).

**I.     Factual Background[1]**

From October 2011 to the present, Plaintiff Jerone Young ("Young") has been a "classified merit system employee" of the Police Department of Defendant City of Mobile ("the City"). (Doc. 1 at 4).

On November 10, 2011, Young was demoted and suspended from the Police Department. (Doc. 1 at 4). On Nov. 27, 2013, Young filed this Title VII suit against the City. (Doc. 64 at 1). On December 27, 2013, Young filed a Chapter 13 bankruptcy petition with the bankruptcy court in this district. *Id.* at 2. The petition required Young to list all the lawsuits to which he is or was a party within one year immediately preceding the filing of the petition. *Id.* In his petition he included a potential claim against BP but omitted this suit. *Id.* He also swore under oath and affirmed six times that he had reviewed the information and that it was true and correct. *Id.*

---

1 At the summary judgment stage, the facts are taken in the light most favorable to the non-movant. *Tipton v. Bergrohr GMBH–Siegen*, 965 F.2d 994, 998-999 (11th Cir. 1992). The "facts, as accepted at the summary judgment stage of the proceedings, may not be the actual facts of the case." *Priester v. City of Riviera Beach*, 208 F.3d 919, 925 n. 3 (11th Cir. 2000).

1

While being deposed by the City on May 30, 2014, Young was presented with a copy of his bankruptcy petition and was questioned about the omission of this suit from that petition. *Id*. After his deposition, on that same day, Young amended the asset schedules in his bankruptcy to include this suit. (Doc. 64 at 3).

**II.     Standard of Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) (Dec. 2010). Rule 56(c) provides as follows:

> *(1) Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>   **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
>   **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> *(2) Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> *(3) Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
>
> *(4) Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

FED.R.CIV.P. Rule 56(c) (Dec. 2010).

The party seeking summary judgment bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the nonmoving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998-999 (11th Cir. 1992) (internal citations and quotations omitted).

## III. Discussion

### A. Motion for Summary Judgment

The City argues that Young's claim is barred by judicial estoppel because Young omitted the claim from his bankruptcy petition.

"The seminal case in the Eleventh Circuit on the theory of judicial estoppel is *Burnes v. Pemco Aeroplex, Inc.,* 291 F.3d 1282 (11th Cir. 2002)." *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010). "Judicial estoppel is an equitable doctrine invoked at a court's discretion." *Burnes*, 291 F.3d at 1285. The doctrine "prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *Id*. (internal citation omitted). "The doctrine of judicial estoppel protects the integrity of the judicial system, not the litigants[.]" *Id*. at 1286. In this case, it would hold Young to his sworn statement in his bankruptcy petition that he did not have any active or pending claims, thereby

3

barring him from proceeding with this claim.

In determining the applicability of judicial estoppel, courts in the Eleventh Circuit apply a two-part test. The court must determine first that "the allegedly inconsistent positions were made under oath in a prior proceeding[,]" and second that "such inconsistencies must be shown to have been calculated to make a mockery of the judicial system." *Burnes*, 291 F.3d at 1285 (internal citations omitted).[2] Application of this test is not "inflexible or exhaustive," but rather should account for all of the circumstances of each case. *Id.* at 1286. "[T]he doctrine of judicial estoppel applies in situations involving intentional contradictions, not simple error or inadvertence." *Id.* (string cite omitted).

An omission may be adjudged accidental or inadvertent "only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Id.* at 1287 (citing *In re Coastal Plains, Inc.,* 179 F.3d 197, 210 (5th Cir. 1999)). *See also Barger v. City of Cartersville,* 348 F.3d 1289, 1295–1296 (11th Cir. 2003). Conversely, where the debtor possesses both "knowledge of the undisclosed claims and … motive for concealment[,]" the court has held that intent may be inferred. *Jones v. United States*, 467 Fed. Appx. 815, 817 (11th Cir. 2012). "This inference is considered a factual finding by the court and held to a clearly erroneous standard." *Robinson*, 595 F.3d at 1275. "When reviewing potential motive, the relevant inquiry is intent at the time of non-disclosure." *Id.* at 1276 (11th Cir. 2010) (citing *Casanova v. Pre Solutions, Inc.,* 228 Fed. Appx. 837, 841 (11th Cir. 2007)).

This doctrine has been applied in several Eleventh Circuit cases to bar claims which were omitted from schedules in concurrent bankruptcy proceedings. *See Jones*, 467 Fed. Appx. at 817

---

2 The same test applies in Chapter 13 bankruptcy cases. *See De Leon v. Comcar Indus., Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003) ("[W]e hold that the rule established in *Burnes,* that judicial estoppel bars a plaintiff from asserting claims previously undisclosed to the bankruptcy court where the plaintiff both knew about the undisclosed claims and had a motive to conceal them from the bankruptcy court, applies equally in Chapter 13 bankruptcy cases[]").

4

("We have, on several occasions, applied judicial estoppel to claims by plaintiffs who failed to disclose their claims in a prior bankruptcy case[]").

In *De Leon v. Comcar Indus., Inc.*, 321 F.3d 1289 (11th Cir. 2003), the Eleventh Circuit affirmed a grant of summary judgment estopping a debtor's discrimination claims which he failed to include in his Chapter 13 bankruptcy filings. De Leon filed a discrimination charge with the EEOC on December 2, 1999. On November 7, 2000, he filed Chapter 13 bankruptcy, but did not list his potential employment claims in his filings. He filed a Title VII discrimination suit against his employer, Comcar, on May 14, 2001. The bankruptcy court issued an order confirming his Chapter 13 plan on July 30, 2001 at which point he had still not amended his bankruptcy filings. Only after Comcar moved to dismiss the claim based on judicial estoppel did he reopen his case and amend his filings.

On appeal, the debtor argued that his omission was inadvertent, and that he should not be estopped because he amended his schedule before the close of his bankruptcy case. The court rejected that argument, emphasizing that allowing this type of post-challenge amendment would undermine the incentive to provide "full honest disclosure" in bankruptcy filings by only requiring a debtor to disclose his claims "if he is caught concealing them."[3] *De Leon*, 321 F.3d at 1292 (citing *Burnes,* 291 F.3d at 1288). The court held that, "[b]ecause De Leon certainly knew about his claim and possessed a motive to conceal it because his amount of repayment would be less, we can infer from the record his intent 'to make a mockery of the judicial system.'" *Id.* at 1292 (citing *Burnes*, at 1285–1287).

Like the debtor in *De Leon*, Young took an inconsistent position under oath in a prior proceeding. By omitting this claim from his bankruptcy schedule, Young swore under oath to the

---

3 *Burnes v. Pemco Aeroplex, Inc.,* 291 F.3d 1282, 1286 (11th Cir. 2002) ("[C]reditors rely on a debtor's disclosure statements in determining whether to contest or consent to a no asset discharge. Bankruptcy courts also rely on the accuracy of the disclosure statements when considering whether to approve a no asset discharge[]").

5

Bankruptcy Court that he had no pending or potential claims while simultaneously pursuing a claim against the City in this Court. *See Jones v. United States*, 467 Fed. Appx. at 817 (finding that a debtor had "adopted an inconsistent position under oath" where she failed to include a pending 2007 FTCA claim in her 2008 Chapter 13 bankruptcy petition).

However, this case is distinguishable from *De Leon*. Unlike the debtor in that case, Young amended his bankruptcy filings before his omission was challenged by the City's motion for summary judgment.[4] Additionally, as opposed to the debtor in *De Leon*, who did not amend his petition until **after** his bankruptcy plan was confirmed, Young amended his petition **before** confirmation[5] of his plan. (Doc. 75 at 3). Although the Eleventh Circuit has upheld estoppel in cases where the debtor amended his bankruptcy filings **after** the confirmation of his plan, they have not reached the same conclusion where the debtor amended **before** confirmation of his plan.

In *Burnes*, the Eleventh Circuit considered three factors announced by the Supreme Court in *New Hampshire v. Maine*, 532 U.S. 742 (2001) for applying judicial estoppel. One of the three factors considered by the court was "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled…" *Burnes*, 291 F.3d at 1286 (internal citations omitted). While it did not substantively

---

[4] The Eleventh Circuit has upheld estoppel in cases where the plaintiff amended his bankruptcy filings **after** the defendant filed a motion for summary judgment. *See e.g. Burnes*, 291 F.3d at 1288 (refusing to overlook the omission of pre-existing employment discrimination claim from the plaintiff's converted Chapter 7 bankruptcy schedule until after it was challenged by the defendant employer, noting that "[a]llowing Billups to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtors' assets[]"); *Barger v. City of Cartersville,* 348 F.3d 1289, 1297 (11th Cir. 2003) (refusing to find inadvertence and reverse summary judgment where debtor-plaintiff "only sought to reopen the bankruptcy estate after the defendants moved the district court to enter summary judgment against her on judicial estoppel grounds[]"). In this case however, Young amended his filings **before** the City filed this motion for summary judgment.

[5] A Chapter 13 debtor may amend his plan "at any time before confirmation." 11 U.S.C.A. § 1323.

discussed all of those factors, the *Burnes* court held that they were "consistent with" Eleventh Circuit's own two-part test for determining when to apply judicial estoppel. *Id*. at 1285-1286.

Although the Eleventh Circuit has not explicitly held that judicial acceptance is a required element in the application of judicial estoppel, the court has reversed a grant of summary judgment where such acceptance was absent. In *Strauss v. Rent-A-Ctr., Inc.*, 192 Fed. Appx. 821 (11th Cir. 2006), the debtor filed Chapter 13 bankruptcy and omitted a class-action employment discrimination claim. The Eleventh Circuit reversed a grant of summary judgment, holding that judicial estoppel, was not applicable where the bankruptcy court had not granted a discharge in reliance on the debtor's omission.[6]

*Strauss* bears important similarities to this case. Like Young, the debtor in that case filed bankruptcy shortly after asserting a discrimination claim, and omitted the claim from her bankruptcy filings. Although she did not amend her filings until after the defendant filed a motion for summary judgment, the debtor, like Young, amended her filings **before** the close of her Chapter 13 case. The district court echoed the Eleventh Circuit's reasoning in *Burnes* that re-opening a bankruptcy case to amend the schedules only after the omission has been challenged by the adverse party is not evidence of inadvertence. Observing that the bankruptcy court had not granted the debtor a discharge, the Eleventh Circuit <u>reversed</u>, holding that judicial estoppel was not applicable because the debtor was "not successful in 'persuading a tribunal to accept the earlier position, so that judicial acceptance of the inconsistent position in a later proceeding creates the perception that either court was misled.'" *Id*. at 823.[7]

Because Young amended his bankruptcy filings to include this claim before either his

---

6 This is an unpublished case decided by a three-judge panel, and the court's holding was based on "the circumstances of this case[.]" *Strauss v. Rent-A-Ctr., Inc.*, 192 Fed. Appx. 821, 823 (11th Cir. 2006).

7 *See also In re I. Appel Corp.*, 104 Fed. Appx. 199, 201 (2d Cir. 2004) (holding that amending a bankruptcy petition to include a previously omitted claim before the plan is confirmed by the bankruptcy court results in "no true inconsistency between the original and amended plans" and precludes summary judgment).

7

debt had been discharged or his Chapter 13 plan was confirmed, Young was "not successful in 'persuading a tribunal to accept the earlier position, so that judicial acceptance of the inconsistent position in a later proceeding creates the perception that either court was misled.'" *Id.* Thus, the undersigned does not find that estoppel is appropriate in this case. Accordingly, the Defendant City of Mobile's Motion for Summary Judgment is **DENIED**.

**DONE** and **ORDERED** this the **7th** day of **August 2014.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**