IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JERONE YOUNG, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 13-00586 |
| ) | |
| CITY OF MOBILE, *et al*. ) | |
|     Defendants. ) | |

**ORDER**

This matter is before the Court on Defendant Samuel Jones' Motion for Summary Judgment, Defendant Michael Williams' Motion for Summary Judgment, and Defendant City of Mobile's Motion for Summary Judgment and supporting briefs (Docs. 85-86, 89-90, and 93-94), Plaintiff Jerone Young's Responses (Docs. 103-105), and the Defendants' replies (Docs. 106-108).

**I.**     **Procedural History**

On November 27, 2013, Plaintiff Jerone Young ("Young") commenced this action by filing a complaint against the City of Mobile ("the City"), Police Chief Michael T. Williams ("Williams"), Mayor Samuel L. Jones ("Jones"), and Mayor Sandy Stimpson ("Stimpson"). (Doc. 1). The complaint alleged that the Defendants had violated his due process rights as well as the protections of the Equal Protection clause under the Fifth and Fourteenth Amendments made actionable by 42 U.S.C. § 1983 (Counts One and Four), violated his due process rights under the Alabama Constitution of 1901, Article 1, § § 6, 13, and 22 (Count Two), and violated his liberty interest possessed in his good name and reputation (Count Three). (Doc. 1 at 6-13). Williams answered the complaint on December 30, 2013 (Doc. 18). Jones and the City answered the complaint on January 16,

2014 (Docs. 21 and 22). On January 16, 2014, Stimpson filed a motion to dismiss the complaint (Doc. 23) and an answer to the complaint. (Doc. 23). On February 5, 2014, Young filed a motion to voluntarily dismiss Stimpson. (Doc. 27). On February 6, 2014 Young's motion was granted and Stimpson was dismissed as a party. (Doc. 28).

On August 15, 2014, all Defendants moved for summary judgment on all claims (Docs. 85, 89, and 93). Young's responses and the Defendants' replies were timely filed, and the motions are now ripe for consideration.

## II. Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) (Dec. 2010). Rule 56(c) provides as follows:

> *(1) Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> *(2) Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> *(3) Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
>
> *(4) Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

FED.R.CIV.P. Rule 56(c) (Dec. 2010). The party seeking summary judgment bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). If the nonmoving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment. Celotex, 477 U.S. at 323. "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998-999 (11th Cir. 1992) (internal citations and quotations omitted).

## III.    Factual Background[1]

At all times relevant to this action, Plaintiff Jerone Young ("Young") has been a "classified merit system employee" of the Police Department of Defendant City of Mobile ("the City"). (Doc. 1 at 3). Young was employed by the Mobile Police Department as a building maintenance supervisor. (Doc. 105-1 at 31-32) In September 2011, he was charged with conduct unbecoming an employee and failure to be truthful during an investigation. (Id.)

---

[1] At the summary judgment stage, the facts are taken in the light most favorable to the non-movant. Tipton v. Bergrohr GMBH–Siegen, 965 F.2d 994, 998–999 (11th Cir. 1992). The "facts, as accepted at the summary judgment stage of the proceedings, may not be the actual facts of the case." Priester v. City of Riviera Beach, 208 F.3d 919, 925 n. 3 (11th Cir. 2000).

On October 31, 2011, Young received a pre-disciplinary hearing notice from the City. (Doc. 105-1 at 30). The notice advised him of the charges against him and the hearing date on November 9, 2011. (Id.) A hearing took place on November 9, 2011 and in a letter dated November 10, 2011, Young was suspended and demoted from his position effective December 12, 2011. (Doc. 105-1 at 36).

The City operates under a merit system created by state statute and administered by the Mobile County Personnel Board (MCPB). (Doc. 88-1 at 2-5). The state law establishing the merit system, as well as the rules adopted by the MCPB, have certain procedures by which any employee may appeal an adverse employment decision through the independent board which then has full authority to affirm, increase, decrease, or completely reverse any disciplinary action. (Id.). The MCPB rules require that a pre-disciplinary hearing be held within seven (7) days after written notice to the employee (Doc. 105-2 at 3; Doc 105-3 at 17). [2]

On December 2, 2011, Young filed a timely notice of appeal based on the procedural violations of Rule 14.3(a), arguing that his hearing did not take place within seven days of written notice. Young received notice of the hearing on October 31, 2011 and the hearing occurred on November 9, 2011, which was not within seven days of

---

[2] MCPB Rule 14.3(a) states: Before any permanent employee is dismissed, suspended or demoted for cause, the Appointing Authority or his designated representative shall afford the employee due process in the form of a pre-disciplinary hearing. Written notice of the reasons for termination, suspension or demotion must be given the employee at least twenty-four (24) hours prior to the pre-disciplinary hearing, at which time the employee must be given the opportunity to respond orally and/or in writing to the charges made before the official, or the designated representative of the official, charged with the responsibility of making the disciplinary decision. The pre-disciplinary hearing must be held within seven (7) days after written notice to the employee. The determination as a result of the pre-disciplinary hearing must be communicated to the employee in writing within fourteen (14) days of the hearing. Circumstances that prevent adherence to these timeframes must have approval of the Director. The dismissal, suspension or demotion of an employee by an Appointing Authority without having first accorded the employee a pre-disciplinary hearing in accordance with this Rule shall be void and of no force and effect, and shall not be recognized by the Board, except in extraordinary situations as hereinafter specified.

October 31, 2011. On February 28, 2012, the MCPB heard oral arguments on the matter and on March 13, 2012, the board reversed the City's decision to demote and suspend Young, based on violations of the procedural guidelines of Rule 14.3(a). (Doc. 105-2 at 3-4). Pursuant to a written decision from the MCPB, Young was restored to his position and granted back pay for time missed. (Id.)

On November 27, 2013, Young filed this complaint against the City of Mobile, former Mayor Samuel L. Jones, former Chief of Police Michael T. Williams, and current Mayor Sandy Stimpson.[3] Young seeks $500,000 in compensatory damages, punitive damages, $2,500 in attorneys fees incurred as a result of the MCPB hearing, attorneys fees, costs, and expenses resulting from this action, permanent injunction, and any other relief the Court finds appropriate. (Doc. 1 at 14-1 5).

**IV.    Discussion**

    **A.    Motion to Strike**

Before turning to its summary judgment analysis, the Court will first address the City's motion to strike the contents of an affidavit (Doc. 105-1) that Young submitted with his reply to the City's motion for summary judgment. (Doc. 109). Though Young included the affidavit with his response to each of the Defendants' motions for summary judgment, only the City has moved to strike. (Doc. 109).

The City contends that the affidavit's contents are improper pursuant to Fed. R. Civ. P. 56(c). (Doc. 109 at 1). Under Fed. R. Civ. P. 56(c)(4), "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent

---

[3] On February 5, 2014, Young filed a motion to voluntarily dismiss Stimpson as a party. (Doc. 27). The motion was granted on February 6, 2014. (Doc. 28).

5

to testify on the matters stated." Fed. R. Civ. P. 56. The City argues that the affidavit contains statements that are not based on Young's personal knowledge and would not be admissible into evidence. (Doc 109 at 1). The City's motion to strike is **MOOT** as the contents of the affidavit were not considered relevant to the decision.

### B. Counts One and Four: Violations of the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments[4][5]

Young alleges violations of his rights under the Fifth and Fourteenth Amendments of the United States Constitution pursuant to Section 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983. In order "[t]o sustain a cause of action based on section 1983, [a plaintiff] must establish two elements: (1) that [he] suffered a deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States, and (2) that the act or omission causing the deprivation was committed by a person acting under color of law." *Wideman v. Shallowford Community Hosp., Inc.,* 826 F.2d 1030,

---

[4] The complaint does not specify whether the alleged violations were based on procedural or substantive due process. However, the right to continued public employment is not a fundamental right protected by substantive due process. McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994) (en banc) (Holding that public employment law "remain[s] largely outside the scope of substantive due process jurisprudence" and "areas in which substantive rights are created only by state law (as is the case with tort law and employment law) are not subject to substantive due process protection under the Due Process Clause because 'substantive due process rights are created only by the Constitution.'"). Accordingly, any substantive due process claims under § 1983 are due to be dismissed.

[5] The Fifth Amendment does not contain an equal protection clause, however, "[t]he Fifth Amendment's Due Process Clause has an equal protection component akin to the Equal Protection Clause of the Fourteenth Amendment." United States v. Scrushy, 721 F.3d 1288, 1305 (11th Cir. 2013). As discussed later in this order, the Due Process Clause of the Fifth Amendment applies only to the federal government.

6

1032 (11th Cir.1987) (internal quotations and citation omitted). The complaint alleges that Young suffered a deprivation of Constitutional rights when the defendants "demot[ed] and suspend[ed] Plaintiff without following mandatory and nondiscretionary Mobile County Merit System procedure." (Doc. 1 at 6). As discussed below, Young has not suffered any deprivation of rights secured by the Constitution and laws of the United States, and therefore cannot establish a claim under § 1983 for violations of either the Fifth or Fourteenth Amendment.

1. **Fifth Amendment Claims**

    a. **Count One Due Process Claim**

"The fifth amendment to the United States Constitution restrains the federal government, and the fourteenth amendment, section 1, restrains the states, from depriving any person of life, liberty, or property without due process of law." Buxton v. City of Plant City, Fla., 871 F.2d 1037, 1041 (11th Cir. 1989). The Fifth Amendment's due process clause applies only to the federal government. Bartkus v. State of Illinois, 359 U.S. 121, 124 (1959). Because Young has alleged no federal actors, his claims predicated on the Fifth Amendment's due process clause are dismissed. Bates v. Alabama, 4:11-CV-2183-KOB, 2012 WL 2154180 (N.D. Ala. June 13, 2012).

    b. **Count Four Equal Protection Claim**

Young also alleges that he was retaliated against[6] in violation of his equal protection rights under the Fifth Amendment. Although "the Fifth Amendment contains

---

[6] It is not clear from the complaint what the allegation of retaliation stems from but from what the Court gathers from the filings, Young had previously been disciplined by the City and had successfully appealed those actions. His complaint simply states, "Plaintiff has been forced to appeal other employment actions in the past. Defendants retilated (sic) against him for having moved to protect his civil rights." (Doc. 1 at 5). It appears that he alleges that the suspension and demotion of October-November 2011was in retaliation of his prior appeals.

7

no equal protection clause, it does forbid discrimination that is 'so unjustifiable as to be violative of due process.'" Weinberger v. Wiesenfeld, 420 U.S. 636, 638 n. 2 (1975) quoting Schneider v. Rusk, 377 U.S. 163, 168 (1964); see also Bolling v. Sharpe, 347 U.S. 497, 499 (1954) (Also held that "discrimination may be so unjustifiable as to be violative of due process"). "The [Supreme] Court's approach to Fifth Amendment equal protection claims is the same as to equal protection claims under the Fourteenth Amendment." Id. (citations omitted).[7] As there is no equal protection clause in the Fifth Amendment and the due process clause of the Fifth Amendment applies only to the federal government, the Defendant's motions for summary judgment on both of Young's Fifth Amendment claims (Counts One and Four) are **GRANTED**.

    2.    **Fourteenth Amendment Claims**

        a.    **Count One Due Process Claim**

Under the Due Process Clause of the Fourteenth Amendment, to the extent a property interest exists in continued public employment, such interest cannot be taken without complying with the requirements of the Due Process Clause. See Mack v. Ala. Dep't of Human Res., 201 F.Supp.2d 1196, 1210 (M.D.Ala.2002) (citing Bd. of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)). Because of Young's status as a state merit system employee, he is vested with a protected property interest in continued employment. Best v. Boswell, 696 F. 2d 1282, 1290 (11th Cir. 1983). Young contends that his Due Process Rights under the Fourteenth Amendment were violated "[b]y demoting and suspending [Young] without following mandatory and non-discretionary Mobile County Merit System procedures." (Doc. 1 at 6).

---

[7] As discussed later, Young's equal protection claim under the Fourteenth Amendment (Count Four) also fails.

It is undisputed that the City did not comply with the notice requirements of MCPB Rule 14.3(a) with regard to the proper amount of notice for his hearing. Young appealed to the MCPB on these grounds and prevailed on this issue. The MCPB reversed the City's determination, restored Young to his previous position, awarded him full back pay, and held that the City's original determination was "void and of no force and effect." "Where a state provides procedures which govern the taking of property, and those procedures are not fundamentally unfair on their face, and state law provides an adequate remedy to correct alleged errors in the application of these procedures to a plaintiff, no deprivation without due process can occur because the state has provided all the process required by the Constitution." Baxter v. Fulton-Dekalb Hosp. Authority, 764 F. Supp. 1510, 1519 (N.D. Ga. 1991)(citing Parratt v. Taylor, 451 U.S. 527 (1981); Lee v. Hutson, 810 F.2d 1030 (11th Cir. 1987). Such is the case with Young. Young was afforded notice and an opportunity to be heard. He further appealed his suspension and demotion to the MCPB. Therefore, "it is relatively easy to demonstrate that [Young] did receive procedural due process; even if that process was not in perfect accord with the City's rules and policies." Vincent v. City of Talladega, Ala., 980 F. Supp. 410, 412 (N.D. Ala. 1997). "The Fourteenth Amendment and the Supreme Court's gloss on it, are the measures of procedural due process, not the particular procedural rules of a particular governmental entity." Id. The procedures afforded Young in this case satisfied the Fourteenth Amendment. There are no facts to support a claim that Young suffered a constitutional violation. Accordingly, the defendants' motions for summary judgment on Count One as it pertains to the Fourteenth Amendment are **GRANTED**.

      b.      **Count Four Equal Protection Claim**

Young's complaint states that the defendants

> have violated equal protection principles through their illegal employment discrimination against Plaintiff because he is a black male and has sought to protect his rights wherein the Defendants have retaliated against him. As such, the suspension and demotion violated the equal protection clauses of the Fifth and Fourteenth Amendments, made actionable by 42 U.S.C. Section 1983.

(Doc. 1 at 13). "To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law. The first inquiry in any § 1983 lawsuit ... is whether the plaintiff has been deprived of a right secured by the Constitution and laws." Holt v. Glenn, 361 F. App'x. 75, 77 (11th Cir. 2010) (not selected for publication) (internal quotations and citations omitted). "The Equal Protection Clause ensures a right to be free from intentional discrimination based upon race." Williams v. Consol. City of Jacksonville, 341 F.3d 1261, 1268 (11th Cir. 2003)

A claim of race discrimination based on § 1983 is analyzed using the same standard for analyzing claims under Title VII. See Bryant v. Jones, 575 F.3d 1281, 1296 n. 20 (11th Cir. 2009). To establish this cause of action, Young must either have direct evidence of discriminatory intent in the employment action or establish a prima facie case as established in McDonnell Douglas v. Green, 411 U.S. 792 (1973). Direct evidence is "evidence which, if believed, proves the existence of a fact without inference or presumption." Scott v. Suncoast Beverage Sales, Ltd., 295 F.3d 1223, 1227 (11th Cir. 2002) (internal citations omitted). "'Only the most blatant remarks, whose intent could be nothing other than to discriminate on the [protected classification]' are direct evidence of discrimination." Id. (citing Damon v. Fleming Supermarkets of Florida, Inc., 196 F.3d 1354, 1359 (11th Cir. 1999). To constitute direct evidence, "the remark must indicate that

the employment decision in question was motivated by race." Id. Young has not shown direct evidence of discrimination and is thus required to proceed under the shifting framework established in McDonnell Douglas v. Green.

In order to establish a prima facie case for discrimination under this framework, Young must show that he (1) was a member of a protected group, (here, African American) (2) was subjected to adverse employment action, (3) that similarly situated employees were treated more favorably, and (4) he was qualified to do the job. See McCann v. Tillman, 526 F.3d 1370 (11th Cir. 2008). An adverse employment action has been defined by the Eleventh Circuit as "a serious and material change in the terms, conditions, or privileges of employment" as "viewed by a reasonable person in the circumstances." Davis v. Town of Lake Park, 254 F.3d 1232, 1239 -40 (11th Cir. 2001). "The employee's subjective view of the significance and adversity of the employer's action is not controlling." Id.

Young has not established a prima facie case under the McDonnell shifting framework in that he was not subjected to adverse employment action in contrast with similarly situated employees outside the protected class. Young can point to no similarly situated person or persons who were treated more favorably or a replacement who was outside his protected class.[8] In order to determine whether employees are similarly situated to Young, the individuals must be similarly situated in all relevant respects besides race, since different treatment of dissimilarly situated persons does not violate civil rights laws." Jackson v. Bell South Telecommunications, 372 F.3d 1250, 1273-74 (11th Cir. 2004) (internal citations and quotation omitted).

---

[8] In his deposition, Young notes that he was replaced by John Russell, an African American male, for the time he was away from work on suspension. (Doc. 94-2 at 6-7, Dep. Young at 91-92).

However, "establishing the elements of the McDonnell Douglas framework is not, and never was intended to be, the *sine qua non* for a plaintiff to survive a summary judgment motion in an employment discrimination case." Smith v. Lockheed-Martin Corp., 644 F.3d 1321, 1328 (11th Cir. 2011). To create a triable issue of fact, Young must come forward with "a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." Id. (footnote and citation omitted). He has not done so.

With regard to Young's retaliation claim, as Jones correctly points out (Doc. 86 at 22), "no established right exists under the equal protection clause to be free from retaliation." Ratliff v. DeKalb Cnty., Ga., 62 F.3d 338, 341 (11th Cir. 1995). Consequently, Young's retaliation claims found in Count Four are due to be dismissed.

### C. Count Two: State Law Claim

Young alleges that he was unlawfully deprived of his due process rights "guaranteed under the Alabama Constitution of 1901, Article 1, §§ 6, 13, 22, among other applicable sections, including the provisions of the Mobile County Merit System Act, the Rules of the Mobile County Personnel Board, and well-settled case law decisions." (Doc. 1 at 11). These violations stem from the same suspension and demotion discussed in more detail previously.

As noted in Jones' brief in support of his motion for summary judgment, there is no private cause of action for monetary damages based on violation of provisions of the Alabama Constitution. Matthews v. Alabama A & M Univ., 787 So. 2d 691, 698 (Ala. 2000). Accordingly, no claims for monetary damages based on alleged violations of the Alabama Constitution will stand. Additionally, any claims for non-monetary relief are

also due to be dismissed. The Supreme Court of Alabama "has consistently interpreted the due process guaranteed under the Alabama Constitution to be coextensive with the due process guaranteed under the United States Constitution." Lee v. City of Marion, Ala., CIV.A.209-0301-KD-N, 2010 WL 2104181 (S.D. Ala. May 25, 2010)(citing Alabama Dept. of Public Safety v. Prince, 2009 WL 3161829, 8 n. 2 (Ala. Civ. App. 2009) quoting Vista Land & Equip., L.L.C. v. Computer Programs & Sys., Inc., 953 So.2d 1170, 1174 (Ala. 2006)). As with Young's claims based the due process guarantees of the Fourteenth Amendment, Young has suffered no deprivation of due process. He was successful in his appeal, reinstated and awarded full back pay. He cannot establish a due process violation under the U.S. Constitution or the Alabama Constitution of 1901. The Defendants' motions for summary judgment on Young's state law claims are **GRANTED**.

  **D.**  **Count Three: Liberty Interest**

Young alleges that he has suffered a violation of his Fourteenth Amendment liberty interest in his good name and reputation. (Doc. 1 at 12-13). He alleges that the suspension and demotion were made public and the Defendants have failed to expunge his personnel file. (Doc. 1 at 12-13).

To establish a deprivation of a liberty interest without due process of law, a plaintiff is required to prove "(1) a false statement (2) of a stigmatizing nature (3) attending a governmental employee's discharge (4) made public (5) by the government employer (6) without a meaningful opportunity for employee name clearing." Buxton v. City of Plant City, Fla., 871 F.2d 1037, 1042-43 (11th Cir. 1989). Young has not presented facts to establish the sixth element of his claim. Rather, it is undisputed that he

was provided a meaningful opportunity for name clearing; Young appealed his suspension to the MCPB and the discipline was reversed. As noted in the MCPB's reversal decision,

> Therefore, after giving careful and deliberate consideration to all of the positions put forth by the parties, it is the decision, finding and order of the Board that the action of suspension and demotion heretofore imposed on the employee, Jerone Young, be and the same is hereby in all things void and of no force and effect. The employee is to be restored to his former position and is granted back pay for time missed.

(Doc. 103-2 at 4). Accordingly, the Defendants' motions for summary judgment as to Count Three of the complaint are **GRANTED**.

V.   **Conclusion**

Accordingly, it is **ORDERED** that Defendants City of Mobile, Williams, and Jones' Motions for Summary Judgment on all claims (Docs. 85, 89, and 93) are **GRANTED**.

A Final Judgment consistent with the terms of this Order shall be entered by separate document as required by Rule 58 of the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** this the **29th** day of **October 2014.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**